UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In Re:  Shunta L. Boyd                                              Chapter 13
                                                                    Case No.  17-26582
Debtor.

## Chapter 13 Plan

Address:        Debtor   4791 Lynngate Drive, Memphis, TN 38141

Plan Payment:

Debtor Shall Pay:        $112.00  Every Two Weeks                By:   ( ) Direct Pay
   Or by:  (X) Payroll Deduction   Pizza Hut, 720 West 20th St., Pittsburg, KS 66762

1. This Plan [Rule 3015.1 Notice]:

   (A) Contains a Non-standard Provision [See provision 19].                                (X) Yes   ( )  No

   (B) Limits the Amount of a Secured Claim Based on a Valuation of the Collateral for the Claim  (X) Yes   ( )  No
       [See provisions 7 and 8].

   (C) Avoids a Security Interest or Lien. [See provision 12].                              ( ) Yes   (X) No

2. Administrative Expenses: Pay Filing Fee and Debtor Attorney's Fee Pursuant to Confirmation Order.

3. Auto Insurance:    ( ) Included in Plan    Or (X) Not Included in Plan if proof provided by Debtor

4. Domestic Support Paid By: ( ) Debtor Directly ( ) Wage Assignment  ( ) Trustee To:           Monthly Pmt.
                              ongoing payment begins
                              Approximate arrearage
                              ongoing payment begins
                              Approximate arrearage

5. Priority Claims:                                                                              Monthly Pmt.
                                                        Amount
                                                        Amount

6. Home Mortgage Claims:    ( ) Paid Directly by Debtor or ( ) Paid by Trustee To:               Monthly Pmt.
                              ongoing payment begins
                              Approximate arrearage          Interest
                              ongoing payment begins
                              Approximate arrearage          Interest

7. Secured Claims [Retain Lien 11 U.S.C. §1325 (a)(5)]:   Collateral Value    Interest Rate    Monthly Pmt.
   One Main (2007 Chrysler PT Cruiser)                    $   5,944.00        5.75%            $119.00

8. Secured Automobile Claims for Debt Incurred Within 910 Days of Filing, and Other Secured Claims for Debt Incurred Within One Year of Filing [Retain Lien 11 U.S.C. §1325 (a)(5)]:

| | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
| | | | |
| | | | |

9. Secured Claims for Which Collateral Will Be Surrendered; Stay Is Terminated Upon Confirmation for the Limited Purpose of Gaining Possession and Commercially Reasonable Disposal of Collateral:

| | Collateral | |
|---|---|---|
| | Collateral | |

10. Special Class Unsecured Claims:

| | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
| Hedgerow Apts (rent through 7/2017) | $800.00 | 0.00% | $40.00 |
| | | | |

11. Student Loan Claims and Other Long Term Claims:

|   |   |   |
|---|---|---|
| | ( ) Not Provided For | ( ) General Unsecured Creditor |
| | ( ) Not Provided For | ( ) General Unsecured Creditor |

12. The Judicial Liens or Non-possessory, Non-purchase Money Security Interests Held by the Following Creditors Are Avoided to the Extent Allowable Pursuant to 11 U.S.C. §522(f):

13. Absent a Specific Court Order Otherwise, All Timely Filed Claims, Other than Those Specifically Provided for Above, Shall Be Paid as General Unsecured Claims.

14. Estimated Total General Unsecured Claims: $1,849.00.

15. The Percentage to Be Paid to Non-priority, General Unsecured Claims Is:   ( ) _____ ;
    Or  (X) Trustee Shall Determine the Percentage to Be Paid after Passage of Final Bar Date.

16. This Plan Assumes or Rejects Executory Contracts:

    Hedgerow Apts                                    (X) Assume       ( ) Reject
    _____                                    ( ) Assume       ( ) Reject

17. Completion:   Plan shall be completed upon payment of the above, approximately  60  months.

18. Failure to Timely File a Written Objection to Confirmation Shall Be Deemed Acceptance of Plan.

19. Non-standard Provisions:

    For the purposes of provision 8, all collateral will be assumed to have exceeded the time limits set forth in the hanging paragraph following § 1325(a)(9), unless the debtor is in possession of the original contract.

    Any Non-standard Provision Stated Elsewhere Is Void.

20. Certification: This Plan Contains No Non-standard Provisions Except Those Stated in Provision 19.

    /s/ Jimmy E. McElroy  TN Bar #011908          Date   July 31, 2017
    Debtor's Attorney's Signature

August 1, 2017

910 > February 2, 2015